UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00062-MOC

## In re: Shelly Linn Wilder Overby, Debtor.

| | | |
|---|---|---|
| **SHELLY LINN, Executrix of Shelly-Linn-Wilder Estate** | ) ) ) | |
| Appellant, | ) ) | |
| Vs. | ) ) | ORDER |
| **LANGDON M. COOPER, TRUSTEE,** *et al.*, | ) ) | |
| Appellees. | ) | |

**THIS MATTER** is before the Court on the Memorandum of the Bankruptcy Clerk (#2) informing this Court that appellant has, despite lodging this appeal on February 10, 2017, failed to file the designation of the items to be included in the record on appeal and a statement of the issues to be presented to this Court as required by Fed. R. Bankr. P. 8009(b). This Court now considers whether Appellant's failure to comply with Federal Rule of Bankruptcy Procedure 8009 warrants dismissal of the appeal under Federal Rule of Bankruptcy Procedure 8003(a).

Federal Rule of Bankruptcy Procedure 8009(a)(1) requires an appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days after the appellant files his notice of appeal. Rule 8009(b)(1) also requires the appellant to order, within fourteen (14) days of filing the notice of appeal, "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or file with the bankruptcy clerk a certificate stating that the appellant is not

1

ordering a transcript." Rule 8003(a)(2) states that a "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Therefore, "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before a district court may dismiss an appeal pursuant to Rule 8003(a), "it must take at least one of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any possible prejudicial effect on the other parties; or 4) indicate that it considered the impact of the sanction and available alternatives." Id. The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline ... [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). However, an appellant's negligent failure to comply with procedural requirements may lead to dismissal of the entire appeal. Id. The Court will, therefore, provide appellant with an opportunity to make the required filings and explain her prior failure prior to consideration of dismissal. Appellant is cautioned that failure to respond as instructed in this Order will result in dismissal of the appeal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Appellant shall file her designation of record and a statement of the issues to be presented to this Court or provide this Court with good cause explaining her failure to do so by July 14, 2017.

The Clerk of Court shall send a copy of this Order to the Bankruptcy Clerk of Court, attention Deputy Truesdale.

Signed: June 30, 2017

Max O. Cogburn Jr
United States District Judge