UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00062-MOC

## In re: Shelly Linn Wilder Overby, Debtor.

| | | |
|---|---|---|
| **SHELLY LINN, Executrix of Shelly-Linn-Wilder Estate** | ) ) ) | |
| Appellant, | ) ) | |
| Vs. | ) ) | ORDER |
| **LANGDON M. COOPER, TRUSTEE,** *et al.*, | ) ) | |
| Appellees. | ) | |

**THIS MATTER** is before the Court on its prior Order (#3), which required Appellant to either file her designation of record and a statement of the issues to be presented or a statement of good cause explaining her failure to do so, all by July 14, 2017. Appellant has filed nothing. This Court now considers whether Appellant's failure to comply with Federal Rule of Bankruptcy Procedure 8009 and this Court's earlier Order warrants dismissal of the appeal under Federal Rule of Bankruptcy Procedure 8003(a).

Federal Rule of Bankruptcy Procedure 8009(a)(1) requires an appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days after the appellant files his notice of appeal. Rule 8009(b)(1) also requires the appellant to order, within fourteen (14) days of filing the notice of appeal, "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or file with the bankruptcy clerk a certificate stating that the appellant is not

1

ordering a transcript." Rule 8003(a)(2) states that a "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Therefore, "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline ... [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). However, an appellant's negligent failure to comply with procedural requirements may lead to dismissal of the entire appeal. Id. Here, the Clerk of the Bankruptcy Court has provided appellant with notice that went unheeded and this Court has provided appellant with notice, an opportunity to make the required filings or explain her earlier failure, and advised her of the consequences of failing to respond. Based on the lack of any response, the Court concludes that appellant has abandoned this appeal and will now dismiss the appeal for failure to prosecute.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this Appeal is **DISMISSED**.

The Clerk of Court shall send a copy of this Order to the Bankruptcy Clerk of Court, attention Deputy Truesdale.

Signed: August 7, 2017



Max O. Cogburn Jr
United States District Judge

2